## Laudeman *v.* Ryan, Appellant.

*Negligence—Master and servant—Tools.*

In an action to recover damages for death of plaintiff's husband while at work as a carpenter in construction of a pier, it was claimed by plaintiff that the accident occurred while the deceased was lifting a heavy piece of square timber with a cant hook which was defective in not having an iron shoe and was not of the kind in general use for such work. The only testimony on the subject showed that the timber had been turned once, and in turning it a second time the hook attached to the lever failed to catch in the side of the beam, and the deceased applying force to the lever when there was nothing to resist it, fell over the beam to the floor below, or that he lost his balance while attempting to adjust the hook. *Held,* that it was error to submit the case to the jury, and that a judgment on a verdict for plaintiff should be reversed.

Argued March 28, 1904.   Appeal, No. 284, Jan. T., 1903, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 1111, on verdict for plaintiff, in case of Margaret Laudeman v. James J. Ryan and John A. Kelley, trading as Ryan & Kelley.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband. Before SULZBERGER, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,250.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming,* for appellants.—There was no sufficient

proof of the cause of the accident and there is no presumption to supply the lack of proof: P. & R. R. R. Co. v. Schertle, 97 Pa. 450; Frazier v. Lloyd, 1 Mona. 113; Ford v. Anderson, 139 Pa. 261; Alexander v. Penna. Water Co., 201 Pa. 252; McCarthy v. Shoneman Bros., 198 Pa. 568; Zahniser v. Penna. Torpedo Co., 190 Pa. 350.

The plaintiff's decedent was guilty of contributory negligence or assumed the risk in using the cant hook without objection or complaint: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Mansfield Coal, etc., Co. v. McEnery, 91 Pa. 185; P. & R. R. R. Co. v. Hughes, 119 Pa. 301; New York, etc., R. R. Co. v. Lyons, 119 Pa. 324; Golwitzer v. Penna. R. R. Co., 1 Mona. 72; Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Marean v. N. Y., etc., R. R. Co., 167 Pa. 220; Nuss v. Rafsnyder, 178 Pa. 397; Devlin v. Phœnix Iron Co., 182 Pa. 109; Wilkinson v. Johns Mfg. Co., 198 Pa. 634.

*Bernard Harris*, with him *Henry A. Craig*, for appellee.

OPINION BY MR. JUSTICE FELL, April 11, 1904:

The plaintiff's husband sustained fatal injuries as the result of a fall while working at an elevation of twenty feet in the construction of a pier. He was a carpenter, and at the time of the accident was standing on a beam assisting by the use of a cant hook in moving a heavy piece of squared timber. The allegations of negligence were (1) that the defendants did not furnish a sufficient number of cant hooks for the work; (2) that the cant hook used by the deceased was not properly sharpened; (3) that it was defective in not having an iron shoe and was not of the kind in general use for such work. Since a sufficient supply of cant hooks was kept in a tool house to which the workmen had access and it did not appear that a properly sharpened one could not have been selected, the learned trial judge withdrew from the consideration of the jury the first two grounds of negligence alleged, but submitted to them the question whether a proper kind of cant hook for use under the circumstances had been provided. The cant hook furnished by the defendants and used by the deceased had a plain wooden lever. There was testimony that there is in general use a cant hook having on the lower end of the lever a metal shoe with

an edge projecting at right angels to the lever, and that a cant hook of the latter kind is less apt to slip, especially when used in moving heavy squared timber, and that the slipping of the lever might loosen the hold of the hook on the side of the beam.

It was not, however, shown that the absence of a shoe caused the accident or in any way contributed to it. The only testimony on this subject was that a beam had been turned once and in turning it a second time the hook attached to the lever failed to catch in the side of the beam, and the deceased applying force to the lever when there was nothing to resist it fell over the beam to the floor below, or that he lost his balance while attempting to adjust the hook. The statement of the witness was : " While starting the timber they gave it one roll, and in catching the timber the second time Mr. Laudeman's cant hook failed to catch and the force which he gave it rolled him over the timber." The witness further testified in explaining the cause of the accident that the deceased had not adjusted his cant hook on the beam but was in the act of adjusting it when he fell. If the hook had failed to catch because of the want of a shoe on the lever, or if having caught it had become loosened by the slipping of the lever, there would be some ground for the contention that the accident was caused by a defective instrument. But neither of these things happened. The fall resulted from the premature application of force to the lever before the hook was fastened in the beam, or from some accidental cause while the deceased was adjusting the hook. If the former it was caused by the careless use of an instrument; if the latter, the defect alleged had nothing to do with it.

The judgment is reversed and judgment is now entered for the defendants.